## American Casualty Company of Reading v. Ridgeway Constructors, Inc.

*Cushman & Obert*, for plaintiff.

*Rutenberg & Rutenberg*, for defendant.

FLOOD, P. J., February 17, 1960.—Plaintiff surety and defendant construction company executed and delivered an indemnity bond to the City of Philadelphia

protecting the city from claims arising by reason of the opening of portions of two roads. Subsequently, the board of view gave an award against defendant Ridgeway and the City of Philadelphia from which the city took an appeal that is presently undisposed of. Ridgeway did not satisfy the award and judgment by confession was, therefore, entered by the city against plaintiff and defendant in the sum of $5,000. Plaintiff made demand upon defendant for satisfaction of the judgment but defendant did not comply. The surety asserted that it thereafter set up a reserve in the sum of $5,000 to cover the judgment and demanded that Ridgeway deposit collateral with it in this sum pursuant to the agreement between the parties. Defendant's answer demanded proof as to the averment concerning the setting up of a reserve. Defendant also asserted that it does not have collateral to deposit and that it is not obliged to deposit collateral until disposition of the city's appeal.

Plaintiff filed a motion for judgment on the pleadings requiring defendant to deposit $5,000 as collateral security. Defendant resists this motion with the contentions that there is an unresolved question of fact, to wit: Whether or not a loss reserve was actually set up, and that relief in equity is dependent upon the discretion of the court and should not, therefore, be granted summarily.

The provision of the contract between the parties that is in dispute reads:

"9. That in the event the surety or sureties executing any such bond or bonds should deem it necessary or proper to set aside as loss reserve an amount to cover any judgment that may have been rendered against the Undersigned with interest and costs, or to cover any unadjusted claim or claims under said bond or bonds, the Indemnitors will immediately upon

demand and notwithstanding any further proceedings that may have been taken, or that may be contemplated, by the Undersigned, and notwithstanding the pendency of any appeal, deposit with said surety or sureties, as being then due and payable, an amount of money sufficient to cover such judgment with interest and costs, or such claim or claims, such sums to be held by said surety or sureties as collateral security on said bond or bonds, with the right on the part of the surety or sureties at any time to use such sum or any part thereof as they may deem proper, in the payment of such judgment or in the settlement of such claim or claims."

It is obvious that a loss reserve need not actually be set aside to give rise to the surety's right to demand a deposit of collateral security. The surety need only deem it necessary or proper to set aside such reserve. The existence of a judgment is admitted and, as the preceding paragraph makes clear, the pendency of an appeal does not affect the surety's right to compliance with its demand.

The only issue of fact suggested involves plaintiff's state of mind, i.e., whether it deems it proper to set aside a loss reserve. We cannot see how this can be said to be a fact in dispute after plaintiff has brought suit and demanded judgment. Since there is nothing to be resolved by the trier of fact, judgment should be entered.

### Decree Nisi

And now, February 17, 1960, defendant Ridgeway Constructors, Inc. is ordered to deposit collateral security in the amount of $5,000 with plaintiff American Casualty Company of Reading.